## McCrae *v.* State.

### Opinion delivered October 4, 1909.

CONTINUANCE—ABSENCE OF WITNESS.—A continuance on account of the absence of a witness was properly refused in a misdemeanor case when the applicant contented himself with having a subpœna issued and served on the witness, without seeking any other process of the court

and without showing that the witness was beyond reach of the court's process at the time of the trial.

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; affirmed.

*H. A. Parker,* for appellant.

The testimony of the absent witness was material, due diligence was shown, and when he failed to appear an attachment was asked for, which was refused, and appellant forced into trial. This was such an abuse of discretion as is a ground for reversal. 42 Ark. 273, 275; 85 Ark. 334; 90 Ark. 78; 9 Cyc. 166, 168, 173, 180-81, 190, 191.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

The record nowhere shows that appellant asked for an attachment for the absent witness. Due diligence is *not* shown, no attempt even to get the motion before the jury as the truth or as evidence. Appellant is in no position to complain. 56 Ark. 493. This court will not interfere with the discretion of the trial court unless it affirmatively appears that there has been such an abuse of that discretion as to shock the sense of justice. 40 Ark. 114; 26 Ark. 223; 24 Ark. 599. The question is not properly before the court. No exception was saved to the court's ruling. 73 Ark. 407; 25 Ark. 380; 35 Ark. 451; 16 Ark. 211; 7 Ark. 341.

MᴄCULLOCH, C. J. Appellant was tried and convicted in the circuit court of Monroe County for selling whisky without license, and appeals to this court. He was convicted on the testimony of one Smith, who testified that he purchased the whisky from appellant. The only assignment of error insisted on here is as to the refusal of the trial court to grant a continuance on account of the absence of a witness.

Appellant alleged in his motion for continuance that he could prove by the absent witness, Flemons, that Smith had stated to him, Flemons, that he had never purchased any whisky from appellant, and did not know of appellant ever having sold whisky. It is also alleged in the motion that the witness Flemons lived in Clarendon, and that a subpoena had been issued and served on him requiring his attendance at that term of court.

Before a party can complain of the ruling of a court in refusing to postpone a trial, he must affirmatively set forth facts

in his motion which show that he is entitled to the postponement. He must show that he has exercised proper diligence to procure the attendance of the witness at that time, and that his efforts in that direction have failed. Now, the motion for continuance in the present case affirmatively shows that the witness resides in Clarendon, where the court was held, but it does not otherwise account for his whereabouts. For aught that appears to the contrary, the witness may then have been in the town or county, and his attendance could have been secured at that time by the compulsory process of the court, if that had been sought, without postponing the trial to a distant date. Appellant contented himself with having a subpoena issued and served, without seeking any other process of the court, and without showing that the witness was then beyond reach by the process of the court. We are unable, therefore, to discover in the ruling of the court any abuse of discretion. The appellant had a fair trial, and the evidence was sufficient to sustain the judgment.

Affirmed.